BOYD, Justice
(dissenting in part, concurring in part):
The requirements of Rule 6(c), although not mandatory, should not be dispensed with without a showing of good cause. The requirement that a claimant execute a verified petition attesting his inability to pay the costs of the transcript is not a *832 mere formality. The sanctions of the law for false swearing and perjury, apply to claimant’s personally executed petition.[1] The affidavit of claimant’s attorney, based on information supplied by claimant, should not be accepted as sufficient in the absence of compelling circumstances. An obvious example allowing execution by someone other than the claimant would be physical incapacity on the part of the claimant during the requisite time. Even here, a request for extension of time for claimant to recover sufficiently to sign is preferable to the acceptance of a petition executed by someone other than claimant.
In the instant case, the following testimony, regarding claimant’s failure to sign the affidavit, appears in the record:
“Q Why was it that you could not sign an affidavit in your case and ask to be relieved of the costs?
“Claimant’s Attorney: Judge, I think I explained that.
“The Judge: We will let the claimant explain. It is supposedly his affidavit.
“Claimant: I left it in the hands of my lawyer. I gave him all the information.
“Q Why did you not sign an affidavit of your own?
“Claimant’s Attorney: Because it was given to me. I received the information on the last day for filing. The only alternative I have had was to present it with the information furnished me by Mr. Bradshaw.”
The notice of costs was sent by certified mail and received in the office of claimant’s attorney on July 29, 1970, but through oversight was not seen by claimant’s attorney until August 18, 1970, and the petition signed by the attorney was filed on that day.
If the foregoing circumstances, amounting to negligent oversight, justify failure to comply with the Rules, then no petition under Rule 6(c) need henceforth be executed under oath by a claimant. The majority decision effectively emasculates the Rule.
I would affirm the order of the Full Commission except for its holding that Rule 6(c) is mandatory.

. Perjury, 25 Fla.Jur. § 20 (1959).